**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **FATEMAH GHARBI AND MOHAMMAD H. GHARBI,** | § § § | |
| **V.** | § § | **A-12-CA-196 LY** |
| **VERICREST FINANCIAL, INC. AND SUMMIT TRUSTEE SERVICES, LLC,** | § § § § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. BACKGROUND**

Before the Court is Plaintiffs' Application to Proceed In Forma Pauperis, Financial Affidavit in Support, Original Petition and Motion to Consolidate this Case with Plaintiffs Pending Lawsuit Against Flagstar and Vericrest, filed March 1, 2012 (Clerk's Dkt. #1). Also, because Plaintiffs are requesting permission to proceed in forma pauperis, this Court must review and make a recommendation on the merits of Plaintiffs' claims pursuant to 28 U.S.C. § 1915(e).[1]

---

[1]That statute provides, in pertinent part:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

(A)     the allegation of poverty is untrue; or

On March 12, 2012 the undersigned performed a review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) and recommended the case be dismissed as frivolous because it was duplicative of Plaintiffs' claims raised in their other case, *Fatemeh Gharbi and Mohammad H. Gharbi v. Flagstar, Vericrest Fin., Inc., and Summit Trustee Serv., LLC* (10-CV-382 LY), which had been consolidated with yet another case Plaintiffs filed, *Fatemeh Gharbi and Mohammad H. Gharbi v. Vericrest Fin., Inc., and Summit Trustee Serv., LLC* (11-cv-00924-LY). (Clerk's Dkt. #3). After that recommendation in this case, the undersigned recommended and the District Court ordered that 10-CV-382 LY be dismissed for want of prosecution by Plaintiffs. In that case, because Plaintiffs had expressed a desire to amend their complaint, the undersigned ordered Plaintiffs to file an amended complaint. The Court admonished Plaintiffs that their failure to timely file the amended complaint would result in a recommendation that the case be dismissed for want of prosecution. Plaintiffs failed to timely file the amended complaint, and thus the earlier case was dismissed.

Given that dismissal, the District Court found that the recommendation for dismissal in this case, based on the fact that the claims were duplicative, was moot, and referred this case back to the undersigned. (Clerk's Dkt. #5). Consistent with the referral, the undersigned again performed a review of the complaint pursuant to 28 U.S.C. § 1915(e)(2). Pursuant to the obligation to perform that review and Federal Rule of Civil Procedure 12(e), the undersigned ordered Plaintiffs to file a

---

(B)     the action or appeal--

    (i)     is frivolous or malicious;
    (ii)    fails to state a claim on which relief may be granted; or
    (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

document entitled "More Definite Statement," providing additional information in response to specific questions posed in the order, so that the Court could determine its facial merits.

Plaintiffs were instructed they must provide support for their allegations against Defendants by simply stating, in their own words, each action Defendants took which Plaintiffs believe was unlawful and the harm Defendants caused them.  The undersigned provided a list of questions for Plaintiffs to answer as part of the more definite statement. Plaintiffs were admonished that the More Definite Statement must be filed on or before June 21, 2012 and that their failure to timely file the More Definite Statement would result in this Court's recommending dismissal of Plaintiffs' complaint for want of prosecution.  To date, however, Plaintiffs have failed to file the More Definite Statement.

## II. LEGAL STANDARDS

A district court has authority to dismiss a case for want of prosecution or failure to comply with a court order.  FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Baldwin v. Gladstone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S. Ct. 1386 (1962)).  Such a dismissal may be with or without prejudice.  *Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).  A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id*.; *Berry v. CINA/RSI-CINA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

### III. ANALYSIS

As discussed above in the background, Plaintiffs in this case have already ignored a court order and failed to prosecute their case. Yet, despite a clear warning that failure to ignore this Court's request for additional information could subject their case to dismissal, Plaintiffs have once again ignored a court order.   Without this information, the Court cannot perform the review and recommendation as to the merits of Plaintiffs' claims required under 28 U.S.C. § 1915(e) and  this litigation cannot proceed.  Dismissal is clearly appropriate under the circumstances. *See* FED. R. CIV. P. 41(b) (authorizing dismissal of case for failure of plaintiff to prosecute); *Dorsey v. Scott Wetzel Serv.*, 84 F.3d 170, 171 (5th Cir. 1996) (Rule 41(b) authorizes district court to dismiss action with prejudice for want of prosecution by plaintiff).

### IV.  RECOMMENDATION

The Magistrate Court hereby **RECOMMENDS** the District Court dismiss Plaintiff's cause of action without prejudice pursuant to Fed. R. Civ. P. 41(b).

### V.  WARNING

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Common*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from

appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*).

To the extent that a Party has not been served by the Clerk with this Report & Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such Party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 25th day of June, 2012.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE